PER CURIAM.
A.R., a juvenile, appeals an adjudication of delinquency for: count I — trespass on property other than structure or conveyance, § 810.09(1), Fla.Stat. (Supp.1988), and count II — trespass on grounds of a public school, § 228.091, Fla.Stat. (1987). We reverse.
A.R. was charged with violation of section 810.09(1). A conviction under that statute is proper when the state proves the offender unlawfully entered or remained on property where notice is given as described in section 810.09(1). Here, the state sought to prove that notice was given by posting as described in section 810.-011(5)(a), Florida Statutes (1987). The state correctly concedes it did not present *105 evidence that the signs placed on the property complied with the statutory requirements. See § 810.011(5)(a), Fla.Stat. (1987). Accordingly, we reverse the adjudication as to count I.
As to count II, A.R. concedes that he entered the school grounds in violation of section 228.091(l)(a)l, a second degree misdemeanor. He contends, however, that the evidence does not support an adjudication based on a violation of section 228.-091(2)(a)l, a first degree misdemeanor. We agree. Section 228.091(2)(a)l provides, in pertinent part, that “[a]ny person who [i]s not a student ... of a public school and who ... remains upon the campus ... after ... any employee thereof designated by [the chief administrative officer] has directed such person to leave such campus ... is guilty of a misdemeanor of the first de-gree_” The uncontroverted evidence is that A.R. left the campus immediately after being directed to leave. Thus, the trial court erred if it based its adjudication of delinquency on a violation of that section. The petition apparently charged A.R., in the alternative, with violations of section 228.091(l)(a)l, a second degree misdemean- or or section 228.091(2)(a)l, a first degree misdemeanor. Although it is unclear under which section the court found A.R. guilty, the evidence supports only a violation of section 228.091(l)(a)l. We therefore remand with directions to the trial court to base its adjudication of delinquency on a violation of section 228.091(l)(a)l.
Reversed and remanded.